UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

**KEVIN TELLADO,**

      **Petitioner,**

v.

**WILLIAM BARR,** in his
official capacity as **Attorney General,**
**Kevin McAleenan,** in his official capacity as **Acting
Secretary of the United States Department
of Homeland Security**, **L. Francis Cissna,**
in his official capacity as **Director,
U.S. Citizenship and Immigration Services,**
and **Enid Stulz**, in his official capacity as
**Field Office Director, U.S. Citizenship and
Immigration Services**, Miami Field Office,
**Linda Swacina,** in her official capacity as
**District Director U.S. Citizenship and
Immigration Services**, Miami Field Office,

      **Respondents.**
_____/

## COMPLAINT AND PETITION FOR NATURALIZATION HEARING

Petitioner, **KEVIN TELLADO,** (hereinafter "**Petitioner**" or "**Mr. Tellado**"), through counsel, files the instant action under 8 U.S.C. § 1447(b) and alleges:

## INTRODUCTION

1. This is an action seeking a hearing in this Court on Plaintiff's application for naturalization, or in the alternative, an Order from the Court directing the respondents to complete the processing of the application and make a determination within 30 days.

2. Pursuant to Section 1447(b) of the United State Code, Title 8, United States Citizenship and Immigration Services ("USCIS") is required to make a decision on an application for naturalization within 120 days of the naturalization examination. To this date, USCIS has failed

1

to issue a decision, more than one-hundred and twenty (120) days since Mr. Tellado passed his naturalization examination.

3. Mr. Tellado filed his N-400 application on July 9, 2018. Mr. Tellado was granted an interview and appeared for a naturalization interview with USCIS on December 10, 2018. Mr. Tellado passed the English and Civics tests portion of the interview and was told that there would be further processing. However, USCIS has not issued a decision on Mr. Tellado's application within 120 days of passing his naturalization examination.

## JURISDICTION AND VENUE

4. This Court has direct and exclusive jurisdiction over this matter with the filing of this Petition. This jurisdiction is provided for by 8 U.S.C. §1421(e); 8 U.S.C. §1447(b); and 28 U.S.C. §1331. There is no requirement for administrative exhaustion because the agency has failed to act on this application beyond the 120 days provided for in the statute. The failure to act on the underlying application after Mr. Tellado was interviewed provides the Court with exclusive jurisdiction to decide the case on its merits. See, ***U.S. v. Hovsepian***, 359 F.3d 1144, 1164 (9th Cir. 2004) (en banc). This action arises under 8 U.S.C. § 1447(b) and the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 701 et seq. Subject matter jurisdiction is based upon 28 U.S.C. § 1331. Relief is authorized by 8 U.S.C. § 1447(b), which provides that a naturalization applicant may apply to a United States District Court for a hearing on the application if USCIS fails to make a determination on the application within 120 days after conducting the examination.

5. The District Courts' jurisdiction under 8 U.S.C. § 1447(b) is exclusive. ***Bustamante v. Napolitano***, 582 F.3d 402 (2d Cir. 2009).

6.      Venue is proper in the Southern District of Florida pursuant to 8 U.S.C. § 1447(b), which requires the naturalization applicant to file the complaint with the "United States district court for the district in which the applicant resides." Mr. Tellado resides at 14195 Old Sheridan Street, Pembroke Pines, FL 33026, within the jurisdiction of the Southern District of Florida.

7.      To the extent that the Government's actions in this matter are not supported by substantial justification, attorney's fees are appropriate. The Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412 (the "EAJA"), provides for the award of costs and attorney's fees to a prevailing party in litigation against the United States or one of its agencies.

8.      The EAJA has been invoked to justify the award of attorney fees and costs in immigration cases. See, e.g., *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154 (1990); accord *Dabone v. Thornburgh*, 734 F. Supp. 195 (E.D. PA 1990) and *Harriott v. Ashcroft*, 277 F. Supp. 2d 538, 545-46 (E.D. Pa. 2003).

## PARTIES

9.      Petitioner Tellado is a 28-year old resident of Southwest Ranches, Florida, who has been a lawful permanent resident ("LPR") for 12 years, since July 3, 2007. Mr. Tellado applied for naturalization on July 9, 2018, and on December 10, 2018, he passed all required portions of his naturalization interview and examination. He has been waiting for a decision on his application ever since that date.

10.     Defendant, **WILLIAM BARR,** in his official capacity as **Attorney General** is being sued in his official capacity as the Attorney General of the United States. In this capacity, he is responsible for the administration and enforcement of the laws of the United States. His mission is to enforce the law and defend the interests of the United States according to the law; to ensure

public safety against threats foreign and domestic; to provide federal leadership in preventing and controlling crime; to seek just punishment for those guilty of unlawful behavior; and to ensure fair and impartial administration of justice for all Americans. His address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001

11. Respondent **Kevin McAleenan** is being sued in his official capacity as the **Acting Secretary of the Department of Homeland Security ("DHS")**. In this capacity, he is responsible for the administration and enforcement of the immigration and naturalization laws. 8 U.S.C. § 1103(a). His address is Department of Homeland Security, U.S. Department of Homeland Security, Washington, D.C. 20528.

12. Respondent, **DEPARTMENT OF HOMELAND SECURITY ("DHS")** is the federal parent agency of the USCIS and agency responsible for the administration and enforcement of the country's immigration and naturalization laws.

13. Respondent **Enid Stulz** is being sued in his official capacity as the **Field Office Director of the Hialeah District, United States Citizenship and Immigration Services**. As District Director, he is designated by the Secretary of Homeland Security to administer and enforce the immigration laws within Miami. One of the duties of USCIS is the processing of naturalization applications. He maintains his office at 5880 NW 183 Street, Hialeah, FL 33015.

14. Respondent **L. Francis Cissna,** is being sued in his official capacity as the **Director of U.S. Citizenship and Immigration Services**, a component agency within the U.S. Department of Homeland Security. USCIS is the agency responsible for the adjudication of applications for naturalization. His address is 20 Massachusetts Ave. NW, Washington, D.C. 20529.

15. Respondent, **Linda Swacina**, is being sued in her official capacity as the **District Director of the Miami District, United States Citizenship and Immigration Services.** As

4

District Director, she is designated by the Secretary of Homeland Security to administer and enforce the immigration laws within Miami. One of the duties of USCIS is the processing of naturalization applications. She maintains her office at 8801 NW 7th Avenue, Miami, FL 33150.

## **LEGAL BACKGROUND**

16.     The Immigration and Nationality Act ("INA") provides, in general, for the admission, expulsion, regulation, and naturalization of noncitizens. 8 U.S.C. § 1101 et seq.

17.     Title III, Chapter 2, of the INA provides for citizenship through naturalization. Pursuant to 8 U.S.C. § 1427(a):

> No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well-disposed to the good order and happiness of the United States.

18.     Pursuant to 8 U.S.C. § 1446 and 8 CFR § 316.14, after an application for naturalization is file, USCIS conducts an examination of the applicant. The examination is "limited to inquiry concerning the applicant's residence, physical presence in the United States, good moral character, understanding of and attachment to the fundamental principles of the Constitution of the United States, ability to read, write, and speak English, and other qualifications to become a naturalized citizen as required by law." 8 U.S.C. § 1443(a); see also 8 U.S.C. § 1423 (requiring understanding of English, fundamentals of history and of government of the United States).

19. After USCIS conducts the examination under 8 U.S.C. § 1446, it has 120 days within which to make a determination on the application. 8 U.S.C. § 1447(b).

20. If USCIS fails to make a determination within 120 days, the applicant may apply to the United States district court for a hearing. 8 U.S.C. § 1447(b). The court may either make a determination on the application or remand the case back to USCIS with instructions to adjudicate the case. Id. 8 U.S.C. §1447 says:

> (a) If, after an examination under section 335 an application for naturalization is denied, the applicant may request a hearing before an immigration officer.
>
> (b) If there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

21. Naturalization is the act of conferring citizenship on a person who is not a citizen by birth. Title V of the Immigration Act of 1990 changed the legal process for naturalization. Previously officers of the Immigration and Naturalization Service (INS), as Examiners for State and Federal Courts, had investigated and documented cases for initial decision by the Judges of these courts. Under the present statute, cases are adjudicated by the U.S. Citizenship and Immigration Services and need not be decided by Courts unless the applicant seeks a change of name. However, provision is made for judicial review, if administrative naturalization is denied or delayed by 8 U.S.C. § 1421(c). This provision also allows for a trial de novo.

22. In order to qualify for judicial naturalization, the applicant lawful permanent resident must:

    a. have applied for naturalization and been refused;

    b. have sought administrative review under 8 U.S.C. §1447 and been refused;

      c.      seek relief in the appropriate U.S. District Court, which is this action.

As set forth in this complaint, the delay in adjudication is a constructive denial of the application and a refusal to provide administrative review. Inaction on an application meets the first two requirements set forth above.

## FACTS

23. Petitioner Tellado has been a lawful permanent resident of the United States for over 12 years. He was admitted into the United States on a B-2 Visa on December 11, 2003, and adjusted to the status of LPR on December 10, 2018. **(Exhibit A, Notice to Appear, Exhibit B, Lawful Permanent resident Card)**

24. Mr. Tellado received an order of cancellation of removal for all his previously committed crime on November 13, 2014. **(Exhibit C, grant of cancellation of removal by Immigration Judge)** Mr. Tellado promptly filed a naturalization application on July 9, 2018, **(Exhibit D, Naturalization Application, N-400, exhibit E, N-400 receipt)** and on December 10, 2018, **(Exhibit F, Interview Notice for December 10, 2018,)** he passed all required portions of his naturalization interview and examination. He has been waiting for a decision on his application ever since that date.

25. On December 10, 2018, USCIS conducted Mr. Tellado' naturalization application interview pursuant to 8 U.S.C. § 1446. Mr. Tellado was informed he had passed the examination but that Legal would have to review the file prior to approval.

26. Pursuant to 8 U.S.C. § 1447(b), USCIS was required to issue a decision on Mr. Tellado' application by **April 8, 2019**, one-hundred and twenty (120) days after Mr. Tellado's N-400 interview and examination.

27. On March 6, 2019, counsel went to a USCIS "InfoPass" customer service appointment to inquire as to the current status of Mr. Tellado' N-400 application. USCIS informed counsel that the application and appeal was still pending. **(Exhibit G, InfoPass confirmation)**

28. To date, more than one-hundred and twenty (120) days after Mr. Tellado's N-400 interview and examination, USCIS has not issued a decision regarding Mr. Tellado' naturalization application. The application is still pending.

29. The delay in his application has caused Mr. Tellado serious anxiety and difficulty. Mr. Tellado owns an import and wholesale business and has many foreign clients. He needs to travel out of the country. Petitioner has not been able to travel anywhere outside the United States, out of concern that he may be further detained by ICE at the border. Mr. Tellado seeks the security of U.S. citizenship, and would be proud to take the oath and become a citizen, but instead has been living in a state of constant uncertainty.

## CLAIM FOR RELIEF
## COUNT I

27. The allegations contained in paragraphs 1 through 29 above are repeated and realleged as though fully set forth herein.

28. The District Director's failure to make a decision on Mr. Tellado's application for naturalization after more than one-hundred and forty (140) days is a violation of her statutory duty under 8 U.S.C. § 1447(b), which requires him to make a decision within 120 days of an examination conducted under 8 U.S.C. § 1446.

## COUNT II

29. The allegations contained in paragraphs 1 through 29 above are repeated and realleged as though fully set forth herein.

30. The USCIS failure to adjudicate Mr. Tellado' application for naturalization lawful permanent residence violates the Immigration and Nationality Act (INA). In particular, 8 U.S.C. §1447(b) requires the USCIS to issue a decision within one-hundred and twenty (120) days of an applicant being interviewed. Mr. Tellado paid the filing fee and filed the application for naturalization with the USCIS. The USCIS had the interview and now must make a decision. The statute provides that action be taken within one-hundred and twenty (120) days from the date of the interview. 8 U.S.C. §1447(b). It further allows for judicial review if there is inaction on the application. 8 U.S.C. §1421(c).

## **COUNT III**

31. The allegations contained in paragraphs 1 through 29 above are repeated and realleged as though fully set forth herein.

32. The USCIS failure to adjudicate Mr. Tellado' application for naturalization violates the Administration Procedure Act (APA). The Agency failure to act for more than one year after the filing in this matter is unlawful under the APA. The APA, 5 U.S.C. §706(1) allows a Court to compel agency action unlawfully withheld or unreasonably delayed. Simply put, the Government does not have a ground for delaying the action in this case.

## **COUNT IV**

33. The allegations contained in paragraphs 1 through 29 above are repeated and realleged as though fully set forth herein.

34. The USCIS failure to adjudicate Mr. Tellado' application for lawful Naturalization represents a total failure to act. Such a failure is a violation of Due Process under the Constitution and is a violation of a duty owed to the Petitioner. Therefore, it is requested that this Court issue an order under its Mandamus powers as set forth in 28 U.S.C. §1361.

35. There is no dispute that Mr. Tellado' administrative file demonstrates that he meets all the elements of the above referenced section. The instant application has been delayed by government inaction in completing administrative security clearances, which does not involve any exercise of discretion. The government cannot by inaction abuse its authority by failing to make a decision. *Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954) The U.S. Supreme Court reversed and remanded an INS District Director's decision on the grounds that he had not actually exercised discretionary action. While the government has discretion, it does not have the discretion to infinitely delay making a decision. The failure of the government to make a decision is a violation of the type of duty identified in 28 U.S.C. §1361. Under Mandamus, this Court has the power to compel action to perform that duty although it cannot mandate whether the decision is to approve or to deny.

## COUNT V

36. The allegations contained in paragraphs 1 through 29 above are repeated and realleged as though fully set forth herein.

37. To the extent that the Government's actions in this matter are not supported by substantial justification, attorney's fees are appropriate. The Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412 (the "EAJA"), provides for the award of costs and attorney's fees to a prevailing party in litigation against the United States or one of its agencies. Plaintiff respectfully requests that this Court grants "EAJA" costs and fees as provided by statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court either:

(1) Hold a hearing on the merits of Mr. Tellado's application for naturalization and grant the application if he is qualified;

(2) Declare the refusal by defendants to adjudicate his application for adjustment of status to be contrary to law; or

(3) Remand the matter to USCIS with an order to adjudicate his application within 30 days.

(4) Plaintiff also requests that the Court award Plaintiff his costs and reasonable attorney's fees in this action as provided for by the Equal Access to Justice Act, 28 U.S.C. § 2412, or other statute; and

(5) Grant such further relief that this Honorable Court may deem just and proper.

Dated: April 28, 2019, at Miami, Florida

Respectfully submitted,

**LAW OFFICE OF JULIO GUTIERREZ, P.A.**
2464 S.W. 137 Avenue
Miami, Florida 33175
Tel: (305) 325-8600

/s/ Julio Gutierrez

JULIO GUTIERREZ
Florida Bar No. 602426
jgpa@msn.com